IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| WACHOVIA BANK, ) | | |
| National Association, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | CIVIL ACTION NO. | |
| v. ) | 3:10cv44-MHT | |
| ) | (WO) | |
| WILLIAM A. CLEVELAND, an ) | | |
| individual, JAMES W. ) | | |
| CLEVELAND, III, an ) | | |
| individual, ) | | |
| ) | | |
| Defendants. ) | | |

OPINION

This lawsuit is now before the court on plaintiff Wachovia Bank, National Association's motion for summary judgment against defendants William A. Cleveland and James W. Cleveland. Wachovia seeks to recover from the Clevelands (1) the sum of $ 637,186.69, (2) prejudgment interest, (3) postjudgment interest, and (4) court costs. "A party may move for summary judgment, identifying each claim or defense--or the part of each claim or

defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the admissible evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. <u>Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

    The Clevelands' response to Wachovia's motion raises just one objection: the Clevelands object to Wachovia's request for attorneys fees to the extent that they are associated with collection activities aimed at Kinnucan Enterprises, Inc. As Wachovia admits, these activities involve a separate loan that is not the subject of the instant lawsuit, notwithstanding the fact that, according to Wachovia, the Clevelands guaranteed both loans. For this reason, Wachovia states that it does not object to the court's entry of summary judgment in its favor for all amounts claimed in the motion for summary judgment

2

less the amount based on attorneys fees incurred in connection with the Kinnucan loan, with the result that Wachovia's claim for attorneys fees merely reflects those fees incurred in connection with the loan that is the subject of the instant lawsuit.

Thus, the undisputed evidence before the court is as follows.  Wachovia loaned monies to the Clevelands, who executed a promissory note in favor of Wachovia.  The Clevelands defaulted on their loan obligations to Wachovia. As a result of the default, the Clevelands owe Wachovia $ 629,550.37 as of September 10, 2010.  (Because the court was still concerned that it had the correct dollar amount, a phone call was placed to counsel for the Clevelands who confirmed that this figure is the agreed-upon amount.)  In addition, the Clevelands owe prejudgment and postjudgment interest on that amount, plus costs for this lawsuit.

An appropriate judgment will be entered granting Wachovia's summary judgment motion to the extent that it

3

may recover $ 629,550.37 plus prejudgment and postjudgment interest as well as court costs.

DONE, this the 21st day of December, 2010.

                                  /s/ Myron H. Thompson
                               UNITED STATES DISTRICT JUDGE